```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

United States of America      :
                              :
    v.                        :       File No. 2:03-CR-92
                              :
Irvin Lee Pope                :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 45)

Defendant Irvin Lee Pope, proceeding *pro se*, has filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Pope claims that his conviction should be vacated because, at the time of his guilty plea, he was under the influence of prescription medication and narcotics. Pope also claims that his sentence was improperly enhanced by prior convictions. The government has opposed the motion. For the reasons set forth below, I recommend that Pope's motion be DENIED.

<u>Factual Background</u>

In August, 2003, Pope was indicted on one count of possession of a firearm as a previously convicted felon. Pope subsequently entered into a written plea agreement with the government, and on March 2, 2004, appeared before Judge Sessions and pled guilty to the charge. The Court scheduled a sentencing hearing for August 16, 2004.

On the date of the sentencing hearing, Pope

presented a written motion to withdraw his plea (Paper 34).  In his motion, Pope claimed that his attorneys had failed to explain his potential sentence.  Specifically, Pope asserted that he was never advised "that I was pleaing to my pass [sic] criminal history nor getting any points."  Pope also claimed that he had initially declined the government's offer of a 15-year to life sentence, and made reference to his history of mental health issues.

At sentencing, the Court denied Pope's motion.  The government informs the Court that "[t]he defendant became disruptive during the sentencing and a recess was taken. Following the recess, Pope refused to return to the courtroom.  Judge Sessions made findings pursuant to Rule 43 of the Federal Rules of Criminal Procedure, concluding that Pope had purposefully absented himself from the courtroom."  (Paper 48-1 at 2).  Judge Sessions then proceeded to sentence Pope to the 15-year mandatory minimum.

Pope appealed his conviction, setting forth four claims.  First, he claimed that Judge Sessions failed to inform him of his right to testify and to present

2

evidence at trial as required by Fed. R. Crim. P. 11(b). Second, he argued that the Court should have ordered a competency hearing prior to sentencing him.  Third, he claimed that his two prior convictions for burglary in Arkansas did not qualify as predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Pope's fourth claim on appeal was that he should not have been sentenced as an Armed Career Criminal without a jury finding beyond a reasonable doubt that he had three prior qualifying felony convictions.  The Second Circuit rejected all four arguments and affirmed Pope's conviction and sentence.  United States v. Pope, 146 Fed. Appx. 536 (2d Cir. 2005).

   Pope now brings a § 2255 motion, arguing first that he was mentally incompetent to plead guilty.  In support of this argument, Pope claims that he was "under the influence of medication and narcotic drugs."  (Paper 3). Pope's second argument, also raised on direct appeal, is that his Arkansas convictions for burglary did not qualify as predicate offenses under the relevant statute. In his reply to the government's opposition memorandum, Pope claims that the Court should have ordered a

competency hearing, and accuses the Court of denying him such a hearing based upon his race. (Paper 49).

## Discussion

To prevail in a habeas corpus motion under § 2255, a defendant must demonstrate (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A defendant may not assert a claim in a § 2255 motion that he or she failed to raise on direct appeal unless the defendant shows cause for the omission and prejudice resulting therefrom, or actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998); Campino v. United States, 968 F.2d 187, 190-91 (2d Cir. 1992).

I.  Pope's Competency At The Time Of His Plea

Pope first claims that his plea was not knowing and voluntary because he was under the influence of drugs at the time. On appeal, Pope claimed that the Court should have required an evidentiary hearing prior to his

sentencing.  His appeal did not raise a competency claim regarding his guilty plea.

When a § 2255 motion raises a claim that was not raised on direct appeal, the claim is procedurally barred unless the defendant "can establish both cause for the procedural default and actual prejudice resulting therefrom."  DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998); Campino v. United States, 968 F.2d 187, 189-90 (2d Cir. 1992) (extending the "cause and prejudice" procedural default test to constitutional claims raised in a § 2255 motion); see also United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal.").  Here, Pope asserts that at the time of his appeal, he did not know that the drug issue "was a viable issue under the law."  (Paper 45-1 at 8).  Cause for a procedural default "must be something *external* to the petitioner, something that cannot be fairly attributable to him."  Coleman v. Thompson, 501 U.S. 722, 754 (1991) (emphasis in original).  Consequently, Pope's ignorance of the law does not excuse his failure to raise the issue on direct appeal.  See Rodriguez v. United States, 866 F. Supp.

783, 786 (S.D.N.Y. 1994) (citing Douglas v. United States, 13 F.3d 43, 47-48 (2d Cir. 1993)). Furthermore, Pope offers no facts or law to support his contention that his sentence was unfair, and does not claim actual innocence. His claim is, therefore, procedurally barred.

Even if the Court were to review the merits of Pope's motion, his representations at the change of plea hearing run counter to his current claim. At the change of plea, Judge Sessions specifically inquired about the possibility that Pope was under the influence of drugs.

> THE COURT:  Are your receiving any medication?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  What's that?
>
> THE DEFENDANT:  I can't give you the street name for the medicine I am taking.
>
> THE COURT:  It's an antidepressant of some sort?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  When did you last take that medication?
>
> THE DEFENDANT:  I took it this morning, sir, right before I came here.
>
> THE COURT:  Does that impact your ability to understand what's happening here today?
>
> THE DEFENDANT:  No, sir.

>THE COURT: Do you understand what's happening today?
>
>THE DEFENDANT: Yes, sir.

(Paper 48-2 at 11). In light of this exchange, and "having observed the defendant making his answers, his demeanor and manner while answering questions, his apparent intelligence and his attitude, and the Court having observed that the defendant does not appear to be under the influence of any medication, . . ." Judge Sessions deemed Pope's plea to be competent, voluntary and with knowledge of its consequences. (Paper 48-3 at 2).

A hearing to determine the mental competency of a criminal defendant "is required only if the court has 'reasonable cause' to believe that the defendant has a mental defect rendering him incompetent." United States v. Nichols, 56 F.3d 403, 414 (2d Cir. 1995) (quoting 18 U.S.C. § 4241(a)); see also Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992). "Because the necessity for a competency hearing varies in each case, . . . the determination of whether there is reasonable cause to believe a defendant may be incompetent rests in the discretion of the district court." Nichols, 56 F.3d at

7

414 (citations and internal quotation marks omitted); see also Drope v. Missouri, 420 U.S. 162, 180 (1975) ("There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed . . . ."). In evaluating a trial court's decision regarding a defendant's competency, "only evidence before the court at the time its decision was made is pertinent." Nicks, 955 F.2d at 168.

In this case, there is no evidence in the record to support Pope's claim that he was incompetent to enter a guilty plea. Indeed, his statements at the change of plea hearing contradict his allegation that he was mentally unfit to proceed. In the context of a plea allocution, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999). When combined with Judge Sessions' evaluations of Pope's general demeanor, responsiveness and intelligence at the

change of plea hearing, Pope's statements at the hearing did not present any reasonable cause for the Court to order a competency evaluation. Pope's claim that his plea was not knowing and voluntary should, therefore, be denied.

II.  Use Of Prior Convictions At Sentencing

Pope's second claim is that the Court's use of his prior convictions to enhance his sentence was improper. Specifically, Pope argues that "the Court did not follow Taylor in determining whether or not my prior Arkansas burglary was 'generic' or 'non-generic' when in fact both burglary convictions were of storage trailers, not buildings, therefore 'vehicles' (trailers) that are excluded under Taylor's generic burglary test." (Paper 45-1 at 5).

Under 18 U.S.C. § 924(e)(1), a person convicted of being a felon in possession in violation of 18 U.S.C. § 922 must be a sentenced to a term of not less than 15 years if he has three previous convictions for violent felonies or a serious drug offenses. Some burglary convictions qualify as violent felonies under § 924(e). 18 U.S.C. § 924(e)(2)(B). In Taylor v. United States,

9

495 U.S. 575 (1990), the Supreme Court held that a burglary under 18 U.S.C. § 924(e) is limited to a "generic" burglary, defined as "an unlawful and unprivileged entry into, or remaining in, a building or structure with the intent to commit a crime."  495 U.S. at 599.  Consistent with the Taylor holding, the Supreme Court has explained that § 924(e) "makes a burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle."  Shepard v. United States, 125 S. Ct. 1254, 1257 (2005).

Pope raised his Taylor argument on direct appeal. The Second Circuit concluded that although Pope's burglary of an Arkansas mobile home dealership might not have qualified as a generic burglary under § 924(e), his convictions for burglaries at "'Walmarts' and 'Willie's Discounts'" referred to "buildings housing retails stores."  Pope, 146 Fed. Appx. at 541.  Accordingly, the court of appeals rejected Pope's claim, holding that his prior "conviction does qualify as a prior burglary under § 924(e)."  Id.

A "2255 motion may not relitigate issues that were

raised and considered on direct appeal." <u>United States v. Perez</u>, 129 F.3d 255, 260-61 (2d Cir. 1997). The exception to this rule is that "[r]econsideration is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." <u>Chin v. United States</u>, 622 F.2d 1090, 1092 (2d Cir. 1980). Pope does not argue that this exception applies here. I therefore recommend that his second claim for relief also be denied.

## Conclusion

For the reasons set forth above, I recommend that Pope's motion for a writ of habeas corpus (Paper 45), filed pursuant to 28 U.S.C. § 2255, be DENIED.

Dated at Burlington, in the District of Vermont, this 15th day of November, 2006.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings,

recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).